UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION


OTILIA D.,[1]

        Plaintiff,

   v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

Case No. 1:18-cv-01583-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Plaintiff Otilia D. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her application for Title II Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is supported by substantial evidence; therefore, it is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member(s).

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

Plaintiff filed an application for DIB on September 5, 2012, alleging disability beginning January 1, 2007. Tr. 26. Plaintiff's claim was initially denied on April 10, 2013, and upon reconsideration on September 12, 2013. *Id.* A hearing was held before an administrative law judge ("ALJ") on December 18, 2014, in which plaintiff testified, as did a vocational expert ("VE"). Tr. 38-61. On February 13, 2015, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 26-33. After the Appeals Council denied her request for review, plaintiff filed a complaint in this court. Tr. 15-18. The ALJ's decision is therefore the Commissioner's final decision subject to review by this court. 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The reviewing court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

**SEQUENTIAL ANALYSIS AND ALJ FINDINGS**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. This sequential analysis is set forth in the Social Security regulations, 20 C.F.R. §§ 404.1520, 416.920, in Ninth Circuit case law, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)), and in the ALJ's decision in this case, Tr. 26-28.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 28.

At step two, the ALJ found plaintiff has the following severe impairments: old left shoulder fracture, status-post open reduction internal fixation of the left humerus and forearm, left knee and left ankle degenerative joint disease, and lumbar degenerative disc disease at the L5-S1 level. *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 29. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that she could perform medium work as defined in 20 C.F.R. § 404.1567(c),[2] finding she could lift and carry 50 pounds occasionally and 25 pounds frequently, stand and walk six hours in an eight-hour workday, sit

---

[2] While the ALJ did not explicitly state that plaintiff was capable of medium work, she cited the corresponding subsection in the regulations, and the specific limitations are consistent with the definition of medium work. *See* 20 C.F.R. § 404.1567(c); SSR 83-10.

for six hours in an eight-hour workday, frequently crouch, crawl, kneel, and stoop, and frequently reach in any direction with the left upper extremity. *Id.*

At step four, the ALJ found plaintiff was able to perform her past relevant work as a farm worker. Tr. 31.

While the ALJ was not required to continue the sequential analysis, she proceeded to step five and determined in the alternative that plaintiff also could perform jobs that exist in significant numbers in the national economy, including cleaner, kitchen helper, and box bender. Tr. 32.

## DISCUSSION

Plaintiff argues the ALJ erred at step four in determining she was capable of her past relevant work and at step five in determining she was capable of performing other jobs.

**I.  Step Four**

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can perform past relevant work, she is not disabled. The "claimant has the burden to prove that [s]he cannot perform [her] past relevant work 'either as actually performed or as generally performed in the national economy.'" *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)).

Here, the ALJ found that plaintiff could perform her past relevant work as a farm worker. The ALJ did not specify whether plaintiff was capable of her past relevant work as actually performed or as generally performed.

Plaintiff claims that she is incapable of performing her past relevant work as actually performed because the ALJ limited her to standing and walking for six hours of an eight-hour

work day, but she "reported that she was required to stand 6 hours and walk 2 hours in this job and had no sitting time for a full eight-hour workday." Pl.'s Br. 6, ECF #17 (citing Disability Report, Tr. 175). Plaintiff also contends that her hearing "testimony described nothing which could be considered as a task performed while seated and while performing the job of fruit picker." *Id.*

Indeed, in her Disability Report, plaintiff described that each day in her job as a field worker, she walked two hours and stood six hours. Tr. 175. Nothing in her hearing testimony contradicts her Disability Report in this regard. Plaintiff testified that she worked in grape fields, cutting the fruit, and cutting and tying the vines. Tr. 45. She also followed her husband as he cut the fruit, and put the cut fruit in boxes and emptied them. *Id.*

As noted, the ALJ did not specify whether plaintiff was capable of her past relevant work as actually performed or as generally performed. Because the ALJ did not specify, and plaintiff has met her burden of showing that she could not perform her past work as actually performed, the ALJ's decision is not supported by substantial evidence.

However, although the ALJ erred at step four, the error is harmless because, as discussed below, the ALJ found in the alternative that plaintiff could perform three other jobs existing in significant numbers in the national economy. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (Harmless error exists if "the mistake was . . . irrelevant to the ALJ's ultimate disability conclusion.").

## II. Step Five

At step five, the Commissioner must establish the claimant can perform other work existing in significant numbers in the national or local economy. *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987); 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the

claimant is not disabled. 20 C.F.R. § 404.1566. The ALJ has an "express duty to reconcile apparent conflicts" between the VE's testimony and the *Dictionary of Occupation Titles* ("*DOT*"). *Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017).

Plaintiff asserts that there is an apparent conflict because the *DOT* descriptions of cleaner, kitchen helper, and box bender do not include "obvious seated tasks." Pl. Br. 11, ECF #17. However, nothing in the job descriptions indicate that standing and/or walking is required for more than six hours, or that sitting is precluded. *See DOT* #381.687-018, #318.687-010, #641.687.010. Additionally, all three positions are classified as medium work, and "medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday," which is consistent with plaintiff's RFC and the VE testimony. SSR 83-10; *see also* Tr. 29, 54-55. Therefore, there is no "apparent conflict."

Furthermore, there are postural positions, other than sitting, that could be applied to these jobs, including crouching, crawling, and kneeling. And notably, the ALJ found that plaintiff could "frequently" crouch, crawl, and kneel. Tr. 29. The *DOT* defines "frequently" as an activity performed one-third to two-thirds of an eight-hour workday. *Gibson v. Comm'r Soc. Sec. Admin.*, No. 3:14-cv-01217-MA, 2015 WL 4937415, at *5 (D. Or. Aug. 18, 2015) (citing *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles,* Appendix C, (1993)). Thus, even if plaintiff is not sitting in these jobs for two hours of the day, other postural positions such as crouching, crawling, or kneeling could account for that time.[3]

---

[3] The court also notes that the *DOT* job descriptions contain only a non-exhaustive list of duties. *See Cortez v. Colvin*, 2:13-cv-1496-APG-VCF, 2014 WL 12586376, at *2 (D. Nev. Mar. 31, 2014) (citation omitted) (noting that the *DOT* is not exhaustive).

6 – OPINION AND ORDER

## CONCLUSION

For the reasons discussed above, the decision of the Commissioner is AFFIRMED.

DATED July 26, 2019.

                                              /s/ Youlee Yim You
                                         Youlee Yim You
                                         United States Magistrate Judge